IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JARON DEAN,<br><br>        Plaintiff,<br><br>  vs.<br><br>POWLLE, Officer, Official capacity; JANE DOE, LPD Disbatch, Official capacity; TOFT, Officer, # 1830, Official capacity; FULLERTON, Officer, # 1665, Official capacity; RAMSEY, Officer, #1881, Official capacity; WARD, Sargent, # 807, Official capacity; PAT CONDON, County Attorney, Official capacity; and JULIE MRUZ, # 25564, Official capacity,<br><br>        Defendants. | 4:22CV3029<br><br>**MEMORANDUM AND ORDER** |

    Plaintiff, an inmate at the Nebraska State Penitentiary, brings this 42 U.S.C. § 1983 action against several Lincoln, Nebraska, police officers, a dispatcher, and county attorneys in their official capacities only. The court has granted Plaintiff permission to proceed in forma pauperis (Filing 6), and the court now conducts an initial review of the Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

    Plaintiff alleges that during 2019 to 2021, the Defendants, in their official capacities, violated state and federal statutes when they "set the plaintiff up" in order to search his telephone and car (Defendant Powlle); coerced an individual to make false allegations of domestic abuse against Plaintiff, causing his arrest, revocation of his parole, and loss of personal property (Defendant Toft); failed to seek medical

treatment for Plaintiff when he was being interviewed by police (Defendants Fullerton, Ramsey & Ward); maliciously prosecuted Plaintiff in retaliation for exposing police misconduct (Defendants Condon & Mruz); failed to file another bond to reflect that the charges against him were amended from third-degree domestic assault to assault, thereby "caus[ing] the plaintiff to lose the privilege of parole and his [livelihood] as well as possessions" (Defendant Mruz); and told Plaintiff on a recorded telephone call to a Lincoln Police Department dispatcher that the former chief of police was now the internal affairs director "in order to brush criminal acts by LPD under the rug" (Defendant Jane Doe). Specifically, Plaintiff claims that the Defendants violated Neb. Rev. Stat. § 19-1832 (part of Civil Service Act listing reasons for suspension, demotion, or discharge of full-time municipal police officers by Civil Service Commission); Neb. Rev. Stat. § 25-1566 (upon risk of flight, county or state district judge may issue warrant to bring debtor before court for examination regarding property debtor refuses to apply to judgment); 18 U.S.C. §§ 3583 (when term of supervised release after imprisonment may and must be added to federal sentence); and 18 U.S.C. § 3563 (conditions of federal probation court must provide).

For relief, Plaintiff requests that the "LPD . . . stop harassing the plaintiff and trying to set him up, to take a code of conduct and ethical class"; that the court bar Defendant Mruz from practicing law; and that the court award money damages.

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

2

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

#### A.  Requirements of 42 U.S.C. § 1983 Claim

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

#### 1.  Rights Protected by Constitution or Federal Statute

Plaintiff alleges that various of the Defendants violated two state statutes and two federal statutes, none of which appear to extend to Plaintiff a federal right that can serve as the basis for a section 1983 claim. Further, Plaintiff fails to allege any constitutional grounds for his claims. Although not clear, it appears that Plaintiff may be attempting to assert a section 1983 claim based on the violation of his Fourth

Amendment rights (search of his vehicle and phone without a warrant or probable cause)[1] and his Fourteenth Amendment due process rights (pressuring individual to falsely accuse Plaintiff of domestic abuse and police officer's failure to provide medical care to Plaintiff when he was injured while being apprehended).[2] However, in order to pursue such claims, Plaintiff will need to clearly allege facts stating such claims against the relevant Defendants in their individual capacities in an amended complaint, and the court will give Plaintiff leave to do so.

### 2. "Person" Acting Under Color of State Law

Plaintiff's claims against the Defendants in their official capacities are actually claims against the City of Lincoln (Defendants Powlle, Jane Doe, Toft, Fullerton, Ramsey, Ward) and Lancaster County (Defendants Condon, Mruz). *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."); *Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the

---

[1] "Although a warrantless search usually constitutes a *per se* Fourth Amendment violation, the automobile exception to the Fourth Amendment's warrant requirement permits the warrantless search or seizure of a vehicle by officers possessing probable cause to do so. Probable cause exists when, given the totality of the circumstances, a reasonable person could believe there is a fair probability that contraband or evidence of a crime would be found in a particular place." *Cronin v. Peterson*, 982 F.3d 1187, 1197 (8th Cir. 2020) (internal quotation marks and citations omitted). Officers must generally secure a warrant before conducting a search of data on one's cell phone. *Riley v. California*, 573 U.S. 373, 386 (2014).

[2] Investigators "shock the conscience" for purposes of a due-process violation when they "systematically pressure to implicate the defendant despite contrary evidence." *Folkerts v. City of Waverly, Iowa*, 707 F.3d 975, 981 (8th Cir. 2013). "The Due Process Clause . . . does require the responsible government or governmental agency to provide medical care to persons . . . who have been injured while being apprehended by the police." *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983).

4

entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity.") (citation omitted).

"Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury. Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 60-61 (2011) (quoting *Monell v. Dep't Soc. Servs.*, 436 U.S. 658, 691 (1978)).

An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cnty.*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental "custom," a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

To hold the City of Lincoln liable under section 1983 for failure to properly train and supervise its officers, Plaintiff must prove that the City's failure to train or supervise "'amounts to deliberate indifference to the rights of persons with whom [the officers came] into contact.'" *Doe v. Fort Zumwalt R-II Sch. Dist.*, 920 F.3d

5

1184, 1189 (8th Cir. 2019) (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). "Deliberate indifference" is a "stringent standard of fault" that can result in liability with proof of either (1) a pattern of similar constitutional violations or (2) "the need for more supervision or training was 'so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the [City] can reasonably be said to have been deliberately indifferent to the need.'" *Doe*, 920 F.3d at 1189 (quoting *Canton*, 489 U.S. at 390). In either case, the City's failure to train or supervise must be "the moving force [behind] the constitutional violation." *Doe*, 920 F.3d at 1189 (quoting *Canton*, 489 U.S. at 389).

Plaintiff makes no allegations that action taken pursuant to a City of Lincoln or Lancaster County policy, custom, or failure to train caused his injuries. Therefore, Plaintiff has failed to state a section 1983 claim against the Defendants in their official capacities. Plaintiff will be given leave to amend his Complaint to either allege such facts, if they exist, or to sue the Defendants in their individual, as opposed to official, capacities.

### B.  Malicious Prosecution

Plaintiff accuses some of the Defendants of "malicious prosecution" for charging him with a crime in retaliation for Plaintiff "exposing police misconduct." (Filing 1 at CM/ECF pp. 6, 11.) "It is well established in this circuit that '[a]n action for malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury.'" *Pace v. City of Des Moines*, 201 F.3d 1050, 1055 (8th Cir. 2000) (quoting *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 977 (8th Cir. 1993)); *see also Joseph v. Allen*, 712 F.3d 1222, 1228 (8th Cir. 2013) ("an allegation of malicious prosecution without more cannot sustain a civil rights claim under § 1983"). "[M]alicious prosecution can form the basis of a § 1983 suit only if defendant's conduct also infringes some provision of the Constitution or federal law." *Sanders*, 984 F.2d at 977.

6

Further, "[p]rosecutors are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are 'intimately associated with the judicial process.'" *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) (quoting *Anderson v. Larson*, 327 F.3d 762, 768 (8th Cir. 2003)). The filing of criminal charges is an action intimately associated with the judicial phase of the criminal process, and absolute immunity applies "even if the prosecutor's steps to initiate a prosecution are patently improper." *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016). "Allegations of unethical conduct and improper motive in the performance of prosecutorial functions do not defeat the protection of absolute immunity." *Id.*

Because choosing to charge an individual with a crime—even with an improper motive, as is alleged here—is clearly associated with the judicial process, Defendants Condon and Mruz are absolutely immune from civil liability for malicious prosecution under section 1983. Therefore, this claim will be dismissed and Plaintiff will not be given leave to amend his Complaint as to this claim.

## IV. CONCLUSION

In its present form, Plaintiff's Complaint fails to state a claim upon which relief can be granted. On the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that states a claim upon which relief can be granted. The amended complaint must specify the capacity in which the Defendants are sued; must either identify each Defendant by name or include allegations specific enough to permit the identity of unnamed Defendants after reasonable discovery; and must set forth all of Plaintiff's claims (and any supporting factual allegations) against each Defendant. To be clear, Plaintiff's amended complaint must restate the relevant allegations of his Complaint (Filing 1) and any new allegations. Plaintiff should be mindful to explain what each Defendant did to him, when each Defendant did it, and how each Defendant's actions harmed him. Plaintiff is warned that any amended complaint he files will supersede, not supplement, his prior pleadings.

If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this action will be dismissed without prejudice and without further notice. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A after he addresses the matters set forth in this Memorandum and Order. Accordingly,

IT IS ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff. In his amended complaint, Plaintiff must either identify each Defendant by name or, if unnamed, include allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery; state the capacity (official, individual, or both) in which each Defendant is sued; and set forth all of Plaintiff's claims (and any supporting factual allegations) against each Defendant. Plaintiff should be mindful to explain in his amended complaint what each Defendant did to him, when each Defendant did it, and how each Defendant's actions harmed him.

2. In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint (Filing 1) and any new allegations. Failure to consolidate all claims into **one document** may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3. Plaintiff's purported claim for malicious prosecution under 42 U.S.C. § 1983 is dismissed without prejudice, and Plaintiff shall not include such claim in his amended complaint.

4.  The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an amended complaint.

5.  The Clerk of the Court is directed to set a pro se case management deadline using the following text: July 21, 2022—amended complaint due.

6.  Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 21st day of June, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge