IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JARON DEAN,<br><br>    Plaintiff,<br><br> vs.<br><br>POWLLE, Officer, Official capacity; JANE DOE, LPD Dispatch, Official capacity; TOFT, Officer, # 1830, Official capacity; FULLERTON, Officer, # 1665, Official capacity; RAMSEY, Officer, #1881, Official capacity; WARD, Sargent, # 807, Official capacity; PAT CONDON, County Attorney, Official capacity; and JULIE MRUZ, # 25564, Official capacity;<br><br>    Defendants. | 4:22CV3029<br><br>ORDER |

  Plaintiff filed the Complaint on February 28, 2022, (Filing No. 1) while he was incarcerated. The Court granted him leave to proceed in forma pauperis on March 1, 2022, also while he was incarcerated. On June 21, 2022, the Court entered a Memorandum and Order after its initial review and directed Plaintiff to file an amended complaint. (Filing No. 7). Plaintiff filed an amended complaint on July 15, 2022, as directed. (Filing No. 8). Plaintiff filed a change of address on July 29, 2022, indicating that he is no longer incarcerated. (Filing No. 9). Therefore, on August 18, 2022, the Court ordered Plaintiff to file a new application for leave to proceed in forma pauperis or, in the alternative, pay the court's $402.00 filing and administrative fees. (Filing No. 10). Plaintiff paid the filing fee on September 9, 2022, and this case was removed from the court's pro se docket on September 12, 2022.

  Federal Rule of Civil Procedure 4(m) provides, "If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). More than 90 days has elapsed since the Amended Complaint was filed, and to date, Plaintiff has not filed any return of service indicating service on the defendants, a waiver of service has not been filed, the defendants have not entered a voluntary appearance, and Plaintiff has not requested an extension of time to

complete service. Although Plaintiff is proceeding pro se, he must nevertheless comply with local rules, court orders, and the Federal Rules of Civil Procedure. See *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, *pro se* representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure."); *Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (a litigant's "*pro se* status d[oes] not entitle him to disregard the Federal Rules of Civil Procedure[.]"). Under the circumstances, on the Court's own motion, Plaintiff is granted an extension of time until **January 6, 2023**, to complete service of process. See Fed. R. Civ. P. 4(m). Accordingly,

**IT IS ORDERED:** Plaintiff is granted an extension of time until **January 6, 2023**, to complete service of process upon the defendants. The failure to timely comply with this order may result in dismissal of this case pursuant to Federal Rule of Civil Procedure 4(m) without further notice.

Dated this 9th day of December, 2022.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge