IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JARON DEAN,<br><br>            Plaintiff,<br><br>   vs.<br><br>POWLLE, Officer, Official capacity; JANE DOE, LPD Disbatch, Official capacity; TOFT, Officer, # 1830, Official capacity; FULLERTON, Officer, # 1665, Official capacity; RAMSEY, Officer, #1881, Official capacity; WARD, Sargent, # 807, Official capacity; PAT CONDON, County Attorney, Official capacity; and JULIE MRUZ, # 25564, Official capacity,<br><br>            Defendants. | 4:22CV3029<br><br>**MEMORANDUM AND ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND PLAINTIFF'S MOTION FOR EXTENSION OF TIME** |

      This case is before the Court on the December 21, 2022, Motion to Dismiss by Defendants Pat Condon and Julie Mruz (County Attorneys' Motion), Filing 18; the January 3, 2022, Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6), or in the Alternative to Require Plaintiff to Make a More Definite Statement Under Fed. R. Civ. P. 12(e) by Defendants Officer Grant Powell, Officer David Toft, Officer Joshua Fullerton, Officer Cody Ramsey, and Sergeant Tom Ward (City Police Officers' Motion), Filing 20; and *pro se* Plaintiff JaRon Dean's belated February 10, 2023, Motion for Extensions of Time to respond to the Defendants' Motions, Filing 31. The Court denies the last motion but grants the other two.

      The Court's analysis begins with Dean's Motion for Extension of Time. Under the applicable local rule, Dean had until January 11, 2023, to resist the County Attorneys' Motion and until January 24, 2023, to resist the City Officers' Motion. NECivR 7.1(b)(1)(B) ("A brief opposing a motion to dismiss [or] for a more definite statement . . . must be filed and served within

1

21 days after the motion and supporting brief are filed and served."). He did not do so. Instead, it was not until February 10, 2023, that Dean filed his Motion for Extensions of Time. In that Motion, Dean states, "Pursuant to Fed Rule 6-1(a)(b) [sic] the plaintiff makes this request for the following reasons: 1.) The plaintiff has multiple defendant's [sic] and need[s] extra time to research & answer brief's [sic] by the defendant[s]." Filing 31 at 3–4. Rule 6 of the Federal Rules of Civil Procedure provides, in pertinent part,

> **(b) Extending Time.**
>
> > **(1)** *In General*. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> >
> > > **(A)** with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> > >
> > > **(B)** on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1). Another subsection of Rule 6 provides, "Any affidavit supporting a motion must be served with the motion." Fed. R. Civ. P. 6(c)(2). Because the time for Dean's opposition briefs to the pending Motions to Dismiss had already expired by the time he sought an extension of time to respond, he was required to demonstrate not only "good cause" under Rule 6(b)(1), but "excusable neglect" under Rule 6(b)(1)(B).

"'The primary measure of good cause is the movant's diligence' in attempting to meet deadlines." *Albright as Next Friend of Doe v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2019) (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). "Whether a party's neglect of a deadline is excusable 'is at bottom an equitable' inquiry." *Spirit Lake Tribe v. Jaeger*, 5 F.4th 849, 854 (8th Cir. 2021) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "Relevant considerations include the danger of prejudice to the opposing party, the length of the delay, the reason for the delay, and whether the movant acted in

good faith." *Id*. at 854–55 (citing *Pioneer*, 507 U.S. at 395). Furthermore, "[e]ven pro se litigants must comply with court rules and directives." *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005).

The Court finds that Dean was not diligent in attempting to meet the deadlines, because he has not explained what—if anything—he did to try to meet the deadlines. *Albright*, 926 F.3d at 951. A bald assertion that there are multiple defendants requiring research for an opposition to the Motions does not explain why Dean could not have timely filed a motion for extension of time before expiration of his deadline as a diligent litigant would do. The docket indicates that Dean is no longer incarcerated, so he should not have been impeded by his incarceration in filing a response to the Defendants' Motions. If he did not receive the Motions when they were filed because his address was not up to date, that is another example of lack of diligence to pursue this lawsuit on his part. The Court also finds that Dean's neglect of the deadlines was not "excusable." *Spirits Lake Tribe*, 5 F.4th at 854. Again, Dean offers no reason for the delay, and the Court finds the length of the delay is excessive—over a month as to one of the Motions and over two weeks as to the other. Such delays are not consistent with a mere mistake in calendaring a deadline. Even if the Court were to conclude that the danger of prejudice to the Defendants as a result of Dean's failure to respond is small and even if the Court does not find a lack of good faith, the excessive delay and lack of any reason for delay weigh heavily against overlooking Dean's failure to follow the applicable rules. The Court concludes that Dean's *pro se* status does not require the Court to release him from the consequences of his negligence. *Soliman*, 412 F.3d at 922. Dean's Motion for Extensions of Time is denied.

The Court will not simply rubber stamp the Defendants' Motions to Dismiss just because no timely opposition was filed, however. *See* NECivR 7.1(b)(C) ("Failure to file an opposing brief

3

is not considered a confession of a motion but precludes the opposing party from contesting the moving party's statement of facts."). Instead, the Court will consider at least briefly the merits of those Motions.

In their Motion to Dismiss, the County Attorneys argue that dismissal is appropriate for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6). The City Officers also seeks dismissal pursuant to Rule 12(b)(6). On a Rule 12(b)(1) motion challenging subject matter jurisdiction, "it is the court's duty to decide the jurisdictional issue, not simply rule that there is or is not enough evidence to have a trial on the issue." *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019) (internal quotation marks and citations omitted). "A claim survives a Rule 12(b)(6) motion to dismiss [for failure to state a claim] only if the complaint's nonconclusory allegations, accepted as true, make it not just conceivable but plausible that the defendant is liable." *Mitchell v. Kirchmeier*, 28 F.4th 888, 895 (8th Cir. 2022) (internal quotation marks and citations omitted). To put it another way, a court "must determine whether a plaintiff's complaint contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Far E. Aluminium Works Co. v. Viracon, Inc.*, 27 F.4th 1361, 1364 (8th Cir. 2022) (internal quotation marks and citations omitted).

The County Attorneys are correct that the Nebraska Political Subdivision Tort Claims Act (PSTCA) is the sole remedy for tort claims—such as malicious prosecution—against Lancaster County and its employees. Filing 19 at 3; Neb. Rev. Stat. § 13-902. They are also correct that a claim of "malicious prosecution" or "abuse of process" is specifically excepted from the waiver of immunity in the PSTCA. Filing 19 at 3; Neb. Rev. Stat. § 13-910(7). Thus, because the County Attorneys are immune to such a claim, the Court lacks subject matter jurisdiction over Dean's state-law claim of malicious prosecution against them.

4

The question of the County Attorneys' immunity under federal law is not as immediately clear. They are entitled to absolute immunity for initiating a prosecution and presenting the State's case, but a prosecutor's administrative and investigative functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity. *See Stockley v. Joyce*, 963 F.3d 809, 817 (8th Cir. 2020). Dean may have attempted to allege that the County Attorneys conducted investigations for which they are not immune. Nevertheless, his allegations fall short. A prosecutor's decision that there was sufficient evidence to end an investigation and charge a defendant is still entitled to absolute immunity because it "falls within the prosecutorial function of initiating judicial proceedings." *Stockley*, 963 F.3d at 818. That is all Dean has alleged here, where he alleges that these Defendants reviewed contradictory statements and fabricated evidence, but still decided to charge him with domestic assault. Filing 8 at 15–16. Consequently, the County Attorneys are also entitled to dismissal of federal constitutional claims against them for lack of subject matter jurisdiction.[1]

The County Attorneys' Motion is granted.

Turing to the City Police Officers' Motion, The Court finds that to the extent Dean attempts to assert a civil conspiracy claim pursuant to 42 U.S.C. § 1985(3), he has failed to allege with particularity and specifically demonstrate with material facts that the Defendants reached any agreement. *Mendoza v. United States Immigr. & Customs Enf't*, 849 F.3d 408, 421 (8th Cir. 2017). Instead, he relies on mere speculation or conjecture, which is insufficient to plead a civil conspiracy. *Id.*; *see also Perez v. Does 1-10*, 931 F.3d 641, 646 (8th Cir. 2019) ("[A] Complaint consist[ing] mostly of legal conclusions and speculation . . . is insufficient under Rule 12(b)(6).").

---

[1] Dean's claims that the County Attorney Defendants were responsible for mistakes regarding bond on his state-law charges is simply not plausible, so it does not state a claim. *See Far E. Aluminium Works Co.*, 27 F.4th at 1364. Bond is the province of the court not the prosecutor. Neb. Rev. Stat. § 29-901(3).

Likewise, "threadbare recitations of the elements of a RICO claim, supported by mere conclusory statements, do not suffice." *Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 357 (8th Cir. 2011) (internal quotation marks and citations omitted). Dean's allegations of a pattern of predicate acts and the existence of an enterprise are woefully deficient because they are wholly conclusory.

Finally, the Court notes that all Defendants are sued in their "official capacities." As the Eighth Circuit Court of Appeals has explained,

> A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." V*eatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). "Under *Monell*, section 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from ... an official municipal policy." *Whitney v. City of St. Louis*, 887 F.3d 857, 860 (8th Cir. 2018) (brackets and internal quotation marks omitted); *see generally Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

*McKay v. City of St. Louis*, 960 F.3d 1094, 1102 (8th Cir. 2020). The Court finds no non-conclusory allegations plausibly suggesting any official policy of Lancaster County (or the County Attorney's Office) or the City of Lincoln (or the Lincoln Police Department) that directed or condoned any of the alleged violations of federal law, so Dean fails to state any "official capacity" claims. *See Far E. Aluminium Works Co.*, 27 F.4th at 1364. Indeed, in his initial review order pursuant to 28 U.S.C. §§ 1915(e) and 1915A,[2] Judge Kopf pointed out this same flaw in Dean's original complaint. Filing 7 at 5–6. Because Dean has failed to remedy this flaw, despite notice and the opportunity to do so, dismissal of his claims this time is with prejudice.

Accordingly,

IT IS ORDERED that

---

[2] Dean subsequently paid the filing fee in its entirety, so his later Amended Complaint was not subject to such initial review.

1.  *pro se* Plaintiff JaRon Dean's Motion for Extensions of Time to respond to the Defendants' Motions to Dismiss, Filing 31, is denied;

2.  the County Attorneys' Motion to Dismiss, Filing 18, is granted;

3.  the City Police Officers' Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6), or in the Alternative to Require Plaintiff to Make a More Definite Statement Under Fed. R. Civ. P. 12(e), is granted as to dismissal pursuant to Rule 12(b)(6), but it is denied as moot as to the request for more definite statement under Rule 12(e).

IT IS FURTHER ORDERED that this matter is dismissed in its entirety with prejudice and without leave to amend.

Dated this 3rd day of March, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge