IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JARON DEAN,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>POWLLE, Officer, Official capacity; JANE DOE, LPD Disbatch, Official capacity; TOFT, Officer, # 1830, Official capacity; FULLERTON, Officer, # 1665, Official capacity; RAMSEY, Officer, #1881, Official capacity; WARD, Sargent, # 807, Official capacity; PAT CONDON, County Attorney, Official capacity; and JULIE MRUZ, # 25564, Official capacity,<br><br>　　　　　　Defendants. | 4:22CV3029<br><br>ORDER DENYING RENEWED APPLICATION TO PROCEED IN FORMA PAUPERIS |

　　　　This case is before the Court on plaintiff JaRon Dean's Motion for Permission to Appeal in Forma Pauperis and Affidavit in Support (Renewed In Forma Pauperis Application). Filing 41. Dean apparently seeks leave to proceed *in forma pauperis* on appeal of the Court's March 3, 2023, Order dismissing this case in its entirety with prejudice. Filing 36. On March 21, 2023, the Court denied Dean's first Affidavit and Application to Proceed Without Payment of Fees, Filing 39, without prejudice to submission in correct form with all necessary information and a timely Notice of Appeal. Filing 40. Dean's Renewed In Forma Pauperis Application is accompanied by an Affidavit Accompanying Motion for Permission to Appeal in Forma Pauperis in the correct form, Filing 42, and a copy of Dean's Institutional Account Statement with the Nebraska Department of Corrections, Filing 43. For the reasons stated below, Dean's Renewed In Forma Pauperis Application is denied.

1

Dean's Renewed In Forma Pauperis Application is not accompanied by a timely Notice of Appeal as directed in the Court's March 21, 2023, Order. Filing 40 at 2. That deficiency is not necessarily fatal to Dean's appeal, however. See *United States v. Gleason*, 726 F.2d 385, 387 (8th Cir. 1984) ("Two circuits have held that a motion to proceed in forma pauperis constitutes a notice of appeal pursuant to Rule 4(b)."). Nor is it necessarily fatal to Dean's appeal that his Renewed In Forma Pauperis Application is not filed within the 30 days after the Court's March 3, 2023, Order dismissing Dean's case that Dean is attempting to appeal. See Fed. R. App. P. 4(a)(1)(A) (setting 30-day limit). Because Dean is pursuing this action *pro se*, the Court could also liberally construe Dean's Renewed In Form Pauperis Application as a request for an extension of time to appeal filed within 30 days of the expiration of his time to appeal. See Fed. R. App. P. 4(a)(5)(A).

The problem is also not with Dean's showing that he is unable to pay his filing fee in full at this time. His Affidavit reflects that he has had no income during the last 12 months, although it also indicates that he was last employed on August 19, 2022, at which time he earned $1,600 gross pay per month; that his spouse's only income in the past 12 months was $400 in child support; that Dean and his spouse are separated and neither is now employed or has any cash, bank accounts, or assets; that neither has any monthly expenses; and that while Dean expects a major change in his monthly expense during the next 12 months, he is currently "incarcerated at RTC in Lincoln, NE, waiting for this case to be adjudicated & decision of parole board." Filing 42 at 1–4. Indeed, Federal Rule of Appellate Procedure 24(a)(3) provides that "[a] party who was permitted to proceed in forma pauperis in the district-court action [as Dean was] may proceed on appeal in forma pauperis without further authorization," unless a listed exception applies. Fed. R. App. P. 24(a)(3). That is where the problems with Dean's Renewed In Forma Pauperis Application arise.

One exception is where "the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith . . . and states in writing its reasons for the certification . . . ." Fed. R. App. P. 24(a)(3)(A). In his Affidavit, Dean states that his issues on appeal are the following: "Plaintiff is being terrorized continually by those defendant's [sic] who coerced his wife as well as a Judge & this close[d] end continuality is now a[n] open end[ed] by domestic terrorist[s]!" Filing 42 at 1. The Court concludes that Dean's appeal is not taken in good faith in light of the grounds for dismissal of his case.

In its Memorandum and Order on Defendants' Motions to Dismiss and Plaintiff's Motion for Extension of Time, the Court denied Dean's Motion for Extension of Time seeking additional time to respond to Defendants' Motions to Dismiss because Dean had not been diligent in attempting to meet deadlines to respond to Defendants' Motions. Filing 36 at 3. The Court nevertheless briefly considered the merits of Defendants' Motions. The Court concluded that it lacked subject matter jurisdiction over Dean's state-law claim of malicious prosecution and his federal constitutional claims against the County Attorney Defendants. Filing 36 at 4–5. As to the City Police Officers, the Court concluded Dean's allegations of a pattern of predicate acts and the existence of an enterprise required to support a RICO claim were woefully deficient because they were wholly conclusory. Filing 36 at 6. The Court also concluded that Dean had provided no non-conclusory allegations plausibly suggesting any official policy of Lancaster County (or the County Attorney's Office) or the City of Lincoln (or the Lincoln Policy Department) that directed or condoned any alleged violation of federal law, so that Dean failed to state any "official capacity" claims against any of the Defendants. Filing 36 at 6. Dean's statement of issues on appeal indicates no good faith basis to overturn any of the Court's grounds for dismissal. His factual allegations in

3

his statement of issues for appeal are still wholly conclusory and do nothing to suggest that the Court's ruling on subject matter jurisdiction and failure to state claims are legally erroneous.

Accordingly,

THE COURT CERTIFIES that JaRon Dean's appeal of the Court March 3, 2023, Order dismissing his case is not taken in good faith, and therefore,

IT IS ORDERED that plaintiff JaRon Dean's Motion for Permission to Appeal in Forma Pauperis and Affidavit in Support (Renewed In Forma Pauperis Application), Filing 41, is denied.

Dated this 10th of April, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge